IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARON HOWELL FORDHAM,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REDUCED SENTENCE**<br><br><br>Case No. 2:18 CR 481 DB<br><br>Judge Dee Benson |

Before the Court is Defendant Daron Howell Fordham's Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582. (Dkt. 53.)  The motion has been fully briefed.  The Court has considered the facts and arguments set forth in the parties' filings and the reports by the United States Probation Office.  For the reasons stated herein, Defendant's motion is denied.

## BACKGROUND

On October 24, 2018, Defendant was indicted on six counts of mail fraud in violation of 18 U.S.C. § 1341.  On March 28, 2019, Defendant pleaded guilty to all six counts in the indictment and agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentence of 72 months of imprisonment.  On June 24, 2019, Defendant was sentenced to the agreed upon sentence of 72 months, followed by 36 months of supervised release.  He was ordered to pay

1

$1,834,033.14 in restitution.  Defendant is currently incarcerated at FCI Sheridan and has served approximately 22 months of his 72-month sentence.

On March 31, 2020, Defendant first petitioned his warden for a compassionate release reduction in sentence related to the COVID-19 pandemic.  (Dkt. 53, Ex. 1.)  Defendant petitioned the warden again on May 7, 2020, and once again on June 25, 2020, after receiving no response from the warden regarding his prior requests.  (Dkt. No 53 Ex. 2 & 3.)  To date, the warden has not responded.

On September 1, 2020, Defendant filed the present motion for compassionate release asking this Court to "adjust his sentence to home confinement" because he suffers from health conditions that place him at "significant risk for complications if infected with the novel coronavirus."  (Dkt. 53 at 8.)

The government does not dispute that Defendant has health conditions that might provide "extraordinary and compelling reasons" for a sentence reduction.  However, the government argues that the motion should be denied because:  (1) Defendant has failed to demonstrate that he no longer poses a danger to the community, and (2) Defendant's release fails to comport with the § 3553(a) sentencing factors.  (Dkt. 55 at 10.)

## DISCUSSION

It is well-established that a "district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  Title 18 U.S.C. § 3582(c), often referred to as the compassionate release statute, permits a court to modify a term of imprisonment but only under

certain conditions.  Previously, these conditions required the Bureau of Prisons (BOP) to bring a motion on a defendant's behalf.  However, in 2018 the compassionate release statute was amended by the First Step Act.  Now, a defendant may file his own motion for relief if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf."  *United States v. O'Brien*, 2020 WL 4260630, *2 (D. Kan July 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

If the exhaustion requirement is satisfied, a court may reduce a defendant's sentence if the court finds: (1) "extraordinary and compelling reasons;" (2) the reduction in sentence in consistent with "applicable policy statements issued by the Sentencing Commission" found in U.S.S.G. § 1B1.13;[1] and (3) the reduction in sentence is supported by the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A).

It is the defendant's burden to establish that a "compassionate release" is warranted under the statute.  *United States v. Wesley*, 2020 WL 3868901, at *1 (D. Kan. June 9, 2020); *see also United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion.  *Wesley*, 2020 WL 3868901 at *1 (citing *United States v. Piper*, 893 F.3d 1261, 1265 (10th Cir. 2016)).

The government concedes that Defendant has satisfied the exhaustion requirement.  (Dkt. 55 at 8.)  Thus, the Court turns to the merits of Defendant's motion.

---

[1] Section 1B1.13 provides that the court may reduce a term of imprisonment if, after considering the § 3553(a) factors, the court finds that (1) "extraordinary and compelling reasons warrant the reduction, …"; (2) the defendant is not a danger to the community; and (3) "[t]he reduction is consistent with this policy statement."  *Id.*

Within the context of the current pandemic, "most courts agree that [a defendant] demonstrates extraordinary and compelling circumstances if [the defendant] has serious underlying health conditions that place [the defendant] at an increased risk of serious illness or death from COVID-19 while incarcerated." *United States v. Avalos*, Slip Copy, 2020 WL 5253406, at *3 (D. Kan. Sept. 3, 2020); *United States v. Delgado*, 2020 WL 2464685, at *3 (D. Conn. Apr. 30, 2020) ("Since the outbreak of the COVID-19 pandemic, numerous courts … have held that a defendant's pre-existing health conditions … in combination with the increased risk of COVID-19 in prisons constitute 'extraordinary and compelling reasons' warranting relief.") (collecting cases). However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020).

Defendant argues that he has an increased risk of serious illness from COVID-19 because he is 51-years old and suffers from type II diabetes, high blood pressure, and heart disease.  (Dkt. 53 at 8.)  The government disputes Defendant's claim that he suffers from heart disease.  It concedes, however, that Defendant's other medical conditions satisfy the "extraordinary and compelling" standard. (Dkt. 55 at 12.) [2]

Defendant's type-II diabetes is listed by the CDC as involving an increased risk of severe illness from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/ (last accessed Sept. 30, 2020).[3] Defendant's high blood pressure is listed by the CDC as a condition that *might* place an

---

[2] Because the government concedes that Defendant has demonstrated "extraordinary and compelling reasons" based on type II diabetes and high blood pressure, the Court need not consider whether Defendant has sufficiently substantiated his claim of heart disease.

[3] The list of conditions includes: cancer; chronic kidney disease; COPD (chronic obstructive pulmonary disease); Immunocompromised state (weakened immune system) from solid organ transplant; obesity (body mass index

individual at an increased risk for severe illness. *Id.*  Accordingly, the Court finds that Defendant's medical conditions, coupled with COVID-19, may constitute extraordinary and compelling reasons to justify compassionate release.

However, before granting a motion for compassionate release, the Court must consider two additional factors:  Whether Defendant remains a danger to the community under U.S.S.G. §1B1.13(2); and whether Defendant otherwise merits release under § 3553(a). The final two determinations involve similar inquiries.

The Sentencing Commission's policy statement permits a court to grant release only where the defendant is not a "danger to the safety of any other person or the community[.]" U.S.S.G. § 1B1.13(2).  Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger.  *Id.*; *see United States v. Chee*, No. 2:05-CR-773-TC, 2020 WL 5258696, at *5 (D. Utah Sept. 3, 2020) (quoting U.S.S.G. § 1B1.13(2)).

The sentencing factors set forth in 18 U.S.C. § 3553(a) look to: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant[,]" and "(2) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and provide the defendant effective training and treatment[.]"[4]

---

[BMI] of 30 or higher); serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies; sickle cell disease; type 2 diabetes mellitus.

[4] Under 18 U.S.C. § 3553(a), in determining the particular sentence to be imposed, the Court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and promote respect for the law, and to provide just

Having considered these factors, the Court finds that Defendant has failed to satisfy his burden of showing that he is not a danger to the community.  Additionally, Defendant has failed to show that the §3553(a) factors support a reduction in his sentence.

Defendant pleaded guilty to and was convicted of serious offenses involving mail fraud. During the one-year period alleged in the Indictment (January 1, 2014 to January 1, 2015), Defendant managed to defraud individuals of nearly $2 million dollars.  Defendant was the mastermind behind a variety of fraudulent schemes that required only a computer, a copy machine, easily attainable mailing lists, and P.O. boxes.  Using multiple aliases and business names to avoid detection, Defendant defrauded hundreds of individuals – many of whom were elderly and disabled – over the course of several years.

Defendant faced an applicable sentencing guideline range of 97 to 121 months. Pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant received a sentence of 72 months – 25 months below the low end of the applicable guideline range.  In reaching this agreement, the Court evaluated the particular facts of this case and demonstrated considerable leniency.  Aside from the COVID-19 pandemic, none of the relevant considerations have changed.  Defendant has served only 22 months, a small fraction of his 72-month sentence.  Under these circumstances, any further reduction of Defendant's sentence would minimize Defendant's actions and undermine the need to promote respect for the law and afford adequate deterrence to criminal conduct.

---

punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and provide the defendant effective training and treatment; (3) the kinds of sentences available; (4) the kinds of sentences and sentencing range applicable to the category of offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court concludes that Defendant has failed to satisfy his burden of establishing that compassionate release is warranted.  Accordingly, Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

DATED this 24th day of November, 2020.

BY THE COURT:

Dee Benson
United States District Judge