IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARON HOWELL FORDHAM,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S REQUEST TO REOPEN HIS MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)**<br><br>Case No. 2:18-cr-00481-CW<br><br>Judge Clark Waddoups |

Before the court is Defendant Daron Howell Fordham's ("Mr. Fordham") Request to Reopen His Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) filed on July 18, 2021. ECF No. 60. Mr. Fordham asks the court to reconsider its November 25, 2020 Order (ECF No. 58) denying his motion for reduced sentence. The Government filed an opposition memorandum on August 6, 2021, ECF No. 62, to which Mr. Fordham replied on October 4, 2021, ECF No. 64. The court has thoroughly reviewed the parties' briefing, including the parties' previous submissions (ECF Nos. 53, 56), the exhibits and medical records, the reports by the United States Probation Office, and its November 25, 2020 Order. For the reasons stated herein, Mr. Fordham's motion is denied.

## BACKGROUND

On March 28, 2019, Mr. Fordham appeared before Judge Dee Benson and pleaded guilty to six counts of mail fraud, in violation of 18 U.S.C. § 1341, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. ECF No. 33. On June 24, 2019, Mr. Fordham was sentenced to a

72-month term of imprisonment, followed by 36 months of supervised release.  ECF No. 46.

Mr. Fordham was also ordered to pay $1,834,033.14 in restitution.  *Id*.

Mr. Fordham is currently incarcerated at FCI Sheridan in Oregon.  As of October 5, 2021, since the pandemic, the Bureau of Prisons ("BOP") reports that 247 inmates have tested positive for Covid-19 out of 1,554 inmates tested at this facility, and 2 inmates have died.  Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Oct. 5, 2021).  There are 56 active inmate cases, and 3 active staff cases.  *Id*.  Mr. Fordham is fifty-one years old, and the BOP has reassigned him to home confinement on November 22, 2021 in which he will continue under their supervision pending his release.

On September 1, 2020, Mr. Fordham filed a motion for compassionate released due to his underlying conditions of type II diabetes, high blood pressure, and heart disease,[1] which place him at an increased risk of severe illness or death should he contract Covid-19 in prison.  ECF No. 53.  On November 25, 2020, the court denied Mr. Fordham's motion finding that the sentencing factors in 1818 U.S.C. § 3553(a) did not favor a sentence reduction.  ECF No. 58.  On July 18, 2021, Mr. Fordham filed this motion for reconsideration of that denial. ECF No. 60.

## DISCUSSION

Mr. Fordham asks this court to reconsider its November 25, 2020 Order denying his motion for compassionate release. Mr. Fordham does not point to any change in the law or circumstance, but instead appears to ask the court to "reconsider the earlier decision" in general.

---

[1] The Government disputes Mr. Fordham's claim that he suffers from heart disease, which is not supported by the record.

2

ECF No. 60 at 2.  Mr. Fordham also apprises the court of developments regarding the Covid-19 pandemic and his health.  The instant motion to reconsider was filed more than 32 weeks after the court denied Mr. Fordham's motion for compassionate release.  Thus, Mr. Fordham's motion is untimely and, for this reason, is denied.

   Even if the motion were considered timely, reconsideration is not warranted in this case because Mr. Fordham has not carried his burden of proving entitlement to compassionate release. Just ten months ago the court denied Mr. Fordham's motion for compassionate release, and there have been no significant developments to change the court's determination since that time. Other than the passage of time, to the extent there have been significant changes, those changes make Mr. Fordham's argument for compassionate release more difficult.  Specifically, a FDA approved Covid-19 vaccine is now widely available, which is at least 91% effective in preventing Covid-19, but also mitigates the development of severe symptoms and death. *FDA Approves First COVID-19 Vaccine*, U.S. FOOD & DRUG ADMINISTRATION, https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine (last visited October 5, 2021).

   Notwithstanding the risk factor he presents, Mr. Fordham has twice elected to decline administration of the vaccine alleging "serious adverse reactions to vaccines in the past," ECF No. 60 at 8, despite receiving influenza vaccinations on October 23, 2019 and September 13, 2020, ECF No. 62-1 at 22-24.  Mr. Fordham's refusal to be vaccinated in the absence of a legitimate medical justification belies his health-related arguments for compassionate release. While the court recognizes the risk of infection and is sympathetic to Mr. Fordham's concerns about the BOP's Covid-19 response, generalized concerns about Covid-19, even when the virus

has spread within a correctional facility, are insufficient to justify compassionate release. To the extent Mr. Fordham takes issue with the prison's Covid-19 safety measures and protocols in general, a motion for compassionate release is not the proper vehicle to do so.

As to Mr. Fordham's allegations regarding inadequate medical care, his medical records depict a different story. Indeed, his records reflect that he is receiving sufficient medical care and consistent treatment. ECF No. 62-1 at 4-13, 25-29. He provides no evidence that his current conditions substantially diminish his ability to provide self-care while incarcerated. Nor does the evidence substantiate his claims regarding the present state of diabetic condition. Indeed, his medical records reflect that he receives consistent treatment to manage his diabetes and that medical staff regularly attend to his self-reported symptoms and concerns.

Finally, the court notes that Mr. Fordham's projected reassignment to home confinement is November 22, 2021, and, therefore, the relief requested herein is soon-to-be moot.

Accordingly, the court's assessment of the 1818 U.S.C. § 3553(a) sentencing factors in its prior ruling remains dispositive, and Mr. Fordham's motion does not cause the court to reconsider this aspect of its decision.

## ORDER

Thus, for the foregoing reasons, Mr. Fordham's Request to Reopen His Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 60) is DENIED.

DATED this 7th day of October, 2021.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge